IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHERRY SPELLERS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:15-cv-01556 |
| v. ) | |
| ) | Judge Edmond E. Chang |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, ) | Magistrate Judge Jeffrey T. Gilbert |
| ) | |
| *Defendant*, ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| *Counter Plaintiff and Third* ) | |
| *Party Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| SHERRY SPELLERS, ) | |
| ) | |
| *Counter Defendant*, ) | |
| ) | |
| MARK JOHNSON, and MARTHA ) | |
| ANDERSON ) | |
| ) | |
| *Third Party Defendants*. ) | |

**METROPOLITAN LIFE INSURANCE COMPANY'S
COUNTERCLAIM AND THIRD PARTY CLAIM FOR INTERPLEADER**

Defendant/Counter Plaintiff/Third Party Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys Jacqueline J. Herring and Rachel Beattie of Smith von Schleicher & Associates, submits it Counterclaim and Third Party Claim for Interpleader.[1]

---

[1] MetLife concurrently filed its Motion to Dismiss Plaintiff's Verified Complaint and Motion for Injunctive Relief.

## Parties

1. Counter Plaintiff and Third Party Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York, and is therefore a citizen of New York. It is duly licensed to do business in the State of Illinois.

2. Upon information and belief, Counter Defendant Sherry Spellers is the daughter of Marla Johnson (the "Decedent"), and she resides in Chicago, Illinois and is a citizen of the State of Illinois.

3. Upon information and belief, Third Party Defendant Mark Johnson is the son of the Decedent, and he resides in Calumet City, Illinois and is a citizen of the State of Illinois.

4. Upon information and belief, Third Party Defendant Martha Anderson is the spouse of the Decedent, and she resides in Chicago, Illinois and is a citizen of the State of Illinois.

## Jurisdiction and Venue

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, specifically the Federal Employees' Group Life Insurance Act, 5 U.S.C. §8701, *et seq.* ("FEGLIA"). In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 because the Court has original jurisdiction over the claims in Plaintiff's Complaint pursuant to 28 U.S.C. §1331 because the claims in Plaintiff's Complaint arise under the laws of the United States, specifically FEGLIA. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) because one or more of the defendants resides in this district, and a substantial part of the events giving rise to this action occurred in this district.

## Cause of Action in Interpleader

7. The Decedent, a federal retiree, was insured under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by MetLife to the Office of Personnel Management ("OPM") to provide, *inter alia*, life insurance coverage to employees of the federal government. The FEGLI Policy is governed by FEGLIA. The Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife responsible for the claims process of the FEGLI policy.

8. All record keeping for retired employees under the FEGLI Policy is done by OPM. OFEGLI becomes involved only following the death of an insured. At that point, documents from the deceased's personnel file that are relevant to adjudication of claims for his or her life insurance benefits are forwarded to OFEGLI by the record keeper. OFEGLI then adjudicates the claims.

9. Federal law governs the payment of life insurance benefits payable under the FEGLI Policy. FEGLIA, 5 U.S.C. §8705, provides in pertinent part that,

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office….
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.

>Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation. …

10. Federal regulations establish the procedures for designation of beneficiaries under the FEGLI Policy. 5 CFR 870.802 provides in part:

>(a) … A designation of beneficiary cannot be filed by anyone other than the insured individual….
>
>(b) A designation of beneficiary must be in writing, signed by the insured individual, and witnessed and signed by 2 people. The completed designation of beneficiary form may be submitted to the appropriate office via appropriate methods approved by the employing office. The appropriate office must receive the designation before the death of the insured.
>
>\*\*\*
>(c) A designation, change, or cancellation of beneficiary in a will or any other document not witnessed and filed as required by this section has no legal effect with respect to benefits under this chapter.
>
>\*\*\*
>(f) An insured individual (or an assignee) may change his/her beneficiary at any time without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted.

11. The latest beneficiary designation form on file for the Decedent's FEGLI benefits is dated August 28, 2014 ("2014 Designation") and designates Martha Anderson as the beneficiary of the FEGLI benefits. A copy of the 2014 Designation is attached as Exhibit A.

12. The previous beneficiary designation form on file for the Decedent's FEGLI benefits is dated April 29, 1993 ("1993 Designation") and designates Mark Johnson as the 25% beneficiary and Sherry Spellers as the 75% beneficiary of the Decedent's FEGLI benefits. A copy of the 1993 Designation is attached as Exhibit B.

13. The Decedent died on September 23, 2014. A copy of the Decedent's death certificate is attached as Exhibit C.

4

14. As a result of the Decedent's death, the life insurance benefits from her coverage under the FEGLI Policy, in the total amount of SIXTY THOUSAND DOLLARS ($60,000) (the "FEGLI Benefits"), became payable to the proper beneficiary or beneficiaries.

15. On October 27, 2014, Martha Anderson submitted a claim for the FEGLI Benefits. On November 24, 2014, Sherry Spellers and Mark Johnson submitted claims for the FEGLI Benefits. The Claim Forms are attached as Group Exhibit D.

16. On December 15, 2014, Sherry Spellers sent a letter to MetLife, asserting that the Decedent was on hospice care when she changed the beneficiary designation and was not fully aware of her actions. The December 15, 2014 Letter is attached as Exhibit E.

17. Sherry Spellers' attorney, Patricia de la Cerna, sent MetLife multiple letters on December 18, 2014, January 8, 2015, and January 19, 2015, requesting that the FEGLI Benefits be paid to Sherry Spellers and Mark Johnson, and alleging that any beneficiary designation change made after July 2014 was fraudulent or obtained when the Decedent was not able to make rational decisions, and forwarded MetLife medical records, a copy of the Decedent's Will and Trust executed July 3, 2014, a copy of the Power of Attorney for Property designating Sherry Spellers as the Decedent's Power of Attorney, and other documents. The Letters are attached as Group Exhibit F.

18. MetLife reviewed the documents provided by Sherry Spellers and informed Sherry Spellers, through counsel, by letter dated January 26, 2015, that it had determined that there is currently no evidence of fraud or misconduct, and that it would pay the FEGLI Benefits according to the 2014 Designation. The January 26, 2015 Letter is attached as Exhibit G.

19. On February 4, 2015 and February 5, 2015, attorney de la Cerna sent MetLife more letters restating Sherry Spellers' position that the signature on the 2014 Designation was

forged, requesting that the 2014 Designation be sent to a handwriting expert, demanding that MetLife not pay the benefit, and stating that they intended to get an injunction to prevent payment. The February 4, 2015 and February 5, 2015 Letters are attached as Group Exhibit H.

20. On February 11, 2015, attorney Eric White, current counsel for Sherry Spellers, sent MetLife a letter enclosing a Temporary Restraining Order ("TRO") entered February 11, 2015, ordering in part that MetLife "is temporarily restrained from disbursement of the life insurance benefits for the Insured Marla Johnson." The TRO expired February 21, 2015. The February 11, 2015 Letter and TRO are attached as Exhibit I.

21. MetLife cannot determine the proper beneficiary or beneficiaries or pay the FEGLI Benefits without the risk of exposure to multiple liabilities.

22. If a court were to determine that the 2014 Designation is valid, then the FEGLI Benefits would be payable to Martha Anderson. If the 2014 Designation is invalid, the FEGLI Benefits would be payable to Sherry Spellers and Mark Johnson based on the percentages in the 1993 Designation.

23. As a mere stakeholder, MetLife has no interest in the FEGLI Benefits. MetLife therefore respectfully requests that this Court determine to whom said FEGLI Benefits should be paid.

24. MetLife is ready, willing and able to pay the FEGLI Benefits, in accordance with the terms of the FEGLI Policy, in such amounts and to whichever party the Court shall designate.

25. MetLife will deposit into the Registry of the Court the FEGLI Benefits, plus any applicable interest due and owing under the terms of the FEGLI Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Permitting MetLife to pay into the Registry of the Court the FEGLI Benefits, plus applicable interest, if any;

(ii) Restraining and enjoining Sherry Spellers, Mark Johnson, and Martha Anderson, by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife for the recovery of the FEGLI Benefits, plus any applicable interest, by reason of the death of the Decedent;

(iii) Requiring that Sherry Spellers, Mark Johnson, and Martha Anderson, litigate or settle and adjust between themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the FEGLI Benefits, plus applicable interest, if any, should be paid;

(iv) Dismissing MetLife with prejudice from this action, and discharging MetLife from any further liability upon payment of the FEGLI Benefits, plus any applicable interest, into the Registry of the Court, or as otherwise directed by this Court; and

(v) Awarding MetLife such other and further relief as this Court deems just, equitable and proper.

                Respectfully submitted,

Jacqueline J. Herring – IL 6282246    By: /s/ Jacqueline J. Herring
Rachel Beattie – IL 6305444         Attorney for Interpleader Plaintiff,
SMITH | VON SCHLEICHER + ASSOCIATES   Metropolitan Life Insurance Company
Chicago, Illinois 60601
P 312. 541.0300 | F 312.541.0933
jackie.herring@svs-law.com
rachel.beattie@svs-law.com

7

**CERTIFICATE OF SERVICE**

I certify that on February 26, 2015, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Eric M. White
6645 S. Yale
Chicago, IL 60621

/s/ Jacqueline J. Herring
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312. 541.0300 | F  312.541.0933
jackie.herring@svs-law.com
Ill. Bar No. 6282246